**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4113**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BRANDI MARTIN,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  David A. Faber, Chief District Judge.  (2:06-cr-00197)

Submitted:  January 23, 2008       Decided:  February 7, 2008

Before WILKINSON, NIEMEYER, and DUNCAN, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Barron M. Helgoe, VICTOR VICTOR & HELGOE LLP, Charleston, West Virginia, for Appellant.  Charles T. Miller, United States Attorney, Monica L. Dillon, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brandi Martin pled guilty to distribution of a quantity of cocaine base (crack), 21 U.S.C. § 841(a) (2000), and was sentenced to a term of thirty-seven months imprisonment. Martin appeals her sentence, challenging on due process grounds the district court's decision not to impose a variance sentence below the advisory guideline range. She also argues that the court erred in treating the 100:1 ratio for crack and powder cocaine offenses as a factor that could not justify a sentence outside the guideline range. In her reply brief, Martin moves for resentencing under 18 U.S.C. § 3582(c)(2) (2000). For the reasons explained below, we deny the motion but vacate the sentence and remand for resentencing.

At sentencing, Martin did not dispute the calculation of her guideline range but, in her argument for a variance, she urged the district court to consider the Sentencing Commission's negative view of the 100:1 ratio for crack and powder cocaine offenses. Arguing against a variance, the government relied on United States v. Eura, 440 F.3d 625 (4th Cir. 2006) (holding that 100:1 ratio could not be used as basis for variance), vacated, ___ S. Ct. ___, 2008 WL 59208 (U.S. Jan. 7, 2008) (No. 05-11659).

A sentence is reviewed for reasonableness, applying an abuse of discretion standard.[*] <u>Gall v. United States</u>, 128 S. Ct. 586, \_\_\_, 2007 WL 4292116, at *7 (U.S. Dec. 10, 2007) (No. 06-7949). A sentence within a correctly calculated advisory guideline range is accorded a rebuttable presumption of reasonableness on appeal. <u>United States v. Moreland</u>, 437 F.3d 424, 433 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 2054 (2006); <u>see also</u> <u>Rita v. United States</u>, 127 S. Ct. 2456, 2462-69 (2007) (upholding rebuttable presumption of reasonableness for within-guideline sentence). However, after the parties' briefs were filed, the Supreme Court decided, in <u>Kimbrough v. United States</u>, 128 S. Ct. 558 (2007), that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." <u>Kimbrough</u>, 128 S. Ct. at \_\_\_, 2007 WL 4292040, at *14. <u>Kimbrough</u> thus abrogated <u>Eura</u>.

Because the district court did not have the benefit of <u>Kimbrough</u> when it determined Martin's sentence, we vacate the sentence and remand the case for resentencing. We express no opinion as to the reasonableness of a variance sentence. We deny

---

[*]In her plea agreement, Martin waived her right to seek appellate review of the reasonableness of her sentence. Because the government has not asserted the waiver as a bar to this appeal, we do not consider it. <u>United States v. Blick</u>, 408 F.3d 162, 168 (4th Cir. 2005).

Martin's motion for resentencing under § 3582(c)(2). On remand, the amended guidelines for crack offenses, effective November 1, 2007, will be applicable. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED